UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

2006 SEP 18  A 10: 46

**Russell Dawson**, # 161707,

        Plaintiff,

vs.

**John M. Ervin III**, Darlington County Solicitor,

        Defendant.

) C/A No. 2:06-2402-JFA-RSC
)
)
)
)
)
) **Report and Recommendation**
)
)
)
)
)
)

# *Background of this Case*

The plaintiff is an inmate at the Broad River Correctional Institution of the South Carolina Department of Corrections. The defendant is the Solicitor who handled the plaintiff's criminal case in 1990 in the Court of General Sessions for Darlington County. The "STATEMENT OF CLAIM" portion of the amended § 1983 complaint reveals that this civil rights action arises out of the plaintiff's criminal case, wherein the plaintiff was convicted of two counts of armed robbery. There was a "hung jury" on a third charge of criminal sexual conduct, which was brought, according to the plaintiff, on the day of trial.

1

The plaintiff alleges or contends that Solicitor Ervin's actions in bringing a then-new criminal sexual conduct charge on the day of trial unduly influenced the jury to convict him on the armed robbery charges. The plaintiff contends that the presentation of the criminal sexual conduct charge on the day of trial violated his Sixth and Fourteenth Amendment rights. In his prayer for relief in the amended complaint, the petitioner seeks: *(1)* a new jury trial; *(2)* a "reasonable amount of damages" as a result of the plaintiff's sixteen years in prison; and *(3)* a recommendation to the Supreme Court of South Carolina that the defendant be subject to a disbarment proceeding.

## *Discussion*

Under established local procedure in this judicial district, a careful review[1] has been made of the *pro se* amended complaint (Entry No. 4) pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S.

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 104 L.Ed.2d 338, 109 S.Ct. 1827, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(en banc), cert. denied, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of any pro se filing);[2] Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978), cert. denied, Moffitt v. Loe, 446 U.S. 928 (1980); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), cert. denied, Leeke v. Gordon, 439 U.S. 970 (1978).  The plaintiff is a pro se litigant, and thus his pleadings are accorded liberal construction.  See Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(per curiam); and Cruz v. Beto, 405 U.S. 319 (1972).  See Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(per curiam); and Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a pro se complaint or petition, the

---

[2]Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

3

plaintiff's or petitioner's allegations are assumed to be true. <u>Fine v. City of New York</u>, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the amended § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. <u>Weller v. Department of Social Services</u>, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

Since the plaintiff is challenging his two convictions for armed robbery and the hung jury on the criminal sexual conduct charge, this case is subject to summary dismissal because a right of action has not yet accrued. *See* <u>Heck v. Humphrey</u>, 512 U.S. 477, 129 L.Ed.2d 383, 114 S.Ct. 2364, 1994 U.S. LEXIS® 4824 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint

must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, 512 U.S. at 486-487 (footnote omitted). *See also* Woods v. Candela, 47 F.3d 545, 1995 U.S.App. LEXIS® 2495 (2nd Cir.)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed), *cert. denied*, Candela v. Woods, 516 U.S. 808, 133 L.Ed.2d 18, 115 S.Ct. 54, 1995 U.S. LEXIS® 5329 (1995); Treece v. Village of Naperville, 903 F. Supp. 1251 (N.D.Ill. 1995); Seaton v. Kato, 1995 U.S. Dist. LEXIS® 2380, *12-*13, 1995 WESTLAW® 88956 (N.D.Ill., February 28, 1995); and Smith v. Holtz, 879 F. Supp. 435, 1995 U.S.Dist. LEXIS® 3721 (M.D.Pa. 1995), *affirmed*, 87 F.3d 108, 1996 U.S.App. LEXIS® 15388 (3rd Cir.), *cert. denied*, Wambaugh v. Smith, 519 U.S. 1041, 136 L.Ed.2d 536, 117 S.Ct. 611, 1996 U.S. LEXIS® 7706 (1996).

Until the plaintiff's two convictions or sentences are set aside, any civil rights action based on the convictions, sentences, and related matters will be barred because of the holding in Heck v. Humphrey, supra. Even so, the limitations period will not begin to run until the cause of action accrues. *See* Benson v. New Jersey State Parole Board, 947 F. Supp. 827, 830 & n. 3, 1996 U.S.Dist. LEXIS® 18335 (D.N.J. 1996)(following Heck v. Humphrey: "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there

need be no concern that it might be barred by the relevant statute of limitations."); and <u>Snyder v. City of Alexandria</u>, 870 F. Supp. 672, 685-688, 1994 U.S.Dist. LEXIS® 17230 (E.D.Va. 1994).

The plaintiff cannot have his two convictions for armed robbery vacated or set aside in this civil rights action. <u>Myers v. Pauling</u>, 1995 U.S.Dist. LEXIS® 7628, 1995 WESTLAW® 334284 (E.D.Pa., June 2, 1995)("Release from prison is not a remedy available under 42 U.S.C. § 1983."). See also <u>Edwards v. Balisok</u>, 520 U.S. 641, 137 L.Ed.2d 906, 117 S.Ct. 1584, 1997 U.S. LEXIS® 3075 (1997).

Solicitor Ervin has absolute prosecutorial immunity insofar as his actions in the plaintiff's criminal case are concerned. In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. See § 24 of Article V, Constitution of the State of South Carolina; and § 1-7-310, South Carolina Code of Laws. Solicitors are elected by voters of a judicial circuit. Prosecutors, Solicitor Ervin, have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. See <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 125 L.Ed.2d 209, 113 S.Ct. 2606, 1993 U.S. LEXIS® 4400 (1993); <u>Burns v. Reed</u>, 500 U.S. 478,

114 L.Ed.2d 547, 561-562 & n. 6, 111 S.Ct. 1934, 1991 U.S. LEXIS® 3018 (1991); and Dababnah v. Keller-Burnside, 208 F.3d 467, 2000 U.S.App. LEXIS® 6114 (4th Cir. 2000). The presentation of a new charge of criminal sexual conduct on the day of trial is clearly encompassed by prosecutorial immunity. Moreover, prosecutorial immunity will extend to the direct appeal and the post-conviction case. See Bruce v. Wade, 537 F.2d 850, 852 (5th Cir. 1976), where the Court concluded that an attorney representing a government in a habeas corpus or post-conviction case has absolute prosecutorial immunity; and Henzel v. Gerstein, 608 F.2d 654, 657 (5th Cir. 1979)(prosecutorial immunity extends to appeals). Cf. Lowe v. Letsinger, 772 F.2d 308, 314-315 & n. 7, 1985 U.S.App. LEXIS® 22760 (7th Cir. 1985); and Houston v. Partee, 978 F.2d 362, 365-369 & nn. 3-4, 1992 U.S.App. LEXIS® 27825 (7th Cir. 1992), cert. denied, Partee v. Houston, 507 U.S. 1005, 123 L.Ed.2d 269, 113 S.Ct. 1647, 1993 U.S. LEXIS® 2453 (1993).

The plaintiff's request, in Part V of the amended complaint, for the defendant's disbarment is directed to the wrong court. Czura v. Supreme Court of South Carolina as Committee on Rules of Admission to Practice of Law, 632 F. Supp. 267, 270, 1986 U.S.Dist. LEXIS® 28468 (D.S.C. 1986)(federal district court lacks jurisdiction to review decision in attorney

disciplinary proceeding by Supreme Court of South Carolina), *affirmed*, Czura v. Supreme Court of South Carolina, 813 F.2d 644, 645-646, 1987 U.S.App. LEXIS® 3177 (4th Cir. 1987).  *Cf.* Maxton v. Johnson, 488 F. Supp. 1030, 1032 n. 2 (D.S.C. 1980)(a federal district court lacks inherent power to hire, remove, or reassign officials not within the executive control of that federal district court), *citing* United States v. White County Bridge Commission, 275 F.2d 529, 535 (7th Cir.), *cert. denied sub nomine*, Clippinger v. United States, 364 U.S. 818 (1960).

# *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process.  See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. *, 1993 U.S.App. LEXIS® 17715 (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and 28 U.S.C.

§ 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. Since the defendant in this case is immune from suit and the plaintiff seeks a "reasonable amount of damages" from him, this case is encompassed by 28 U.S.C. § 1915A(b)(2). Hence, I also recommend that the above-captioned case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g). The plaintiff's attention is directed to the Notice on the next page.

Respectfully submitted,

*Robert S. Carr*
Robert S. Carr
United States Magistrate Judge

September 18, 2006
Charleston, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The **Serious Consequences** of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. *** This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. *** A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review"). **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk<br>
United States District Court<br>
Post Office Box 835<br>
Charleston, South Carolina 29402