IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Russell Dawson, #161707,<br><br>    Plaintiff,<br> v.<br><br>John M. Ervin, III, Darlington County Solicitor,<br><br>    Defendant.<br>_____ | C/A No.  2:06-2402-JFA-RSC<br><br><br>**ORDER** |

  This matter is before the court for review of the Magistrate Judge's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.

  The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

  The *pro se* plaintiff is an inmate at the Broad River Correctional Institution of the South Carolina Department of Corrections. The plaintiff brings this action pursuant to 42

1

U.S.C. § 1983 regarding matters in his state criminal case wherein he was convicted of two counts of armed robbery. There was also a hung jury on a third charge of criminal sexual conduct. The plaintiff contends that this third charge was brought by the solicitor on the day of trial and that such unduly influenced the jury to convict him on armed robbery charges. The plaintiff seeks (1) a new jury trial; (2) a reasonable amount of damages; and (3) that the defendant be disbarred.

In a detailed Report and Recommendation, the Magistrate Judge recommends that the complaint is subject to summary dismissal of the claims regarding his conviction for armed robbery because a right of action has not yet accrued. *Heck v. Humphrey*, 512 U.S. 477 (1994). As to the plaintiff's claims against the defendant, Solicitor Ervin has absolute prosecutorial immunity insofar as his actions in the plaintiff's criminal case are concerned. *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993). The Magistrate Judge also notes in the Report that the plaintiff's request for defendant's disbarment is directed to the wrong court.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on September 18, 2006. Neither party has filed objections to the Report within the time limits prescribed by the local rules of this district.

After carefully reviewing the applicable law, the record in this case, and the Report and Recommendation, the court agrees with the Magistrate Judge's recommendation and incorporates and adopts the Report herein by reference. The court will also deem this action a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g).

Accordingly, this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

Joseph F. Anderson, Jr.
United States District Judge

October 4, 2006
Columbia, South Carolina

3